## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

QUINN S. SMITH,                          )
                                         )
                    Plaintiff,           )
                                         )
vs.                                      )     Case No. CIV-07-598-M
                                         )
MICHAEL W. WYNNE, Secretary,             )
Department of the Air Force,             )
                                         )
                    Defendant.           )

## ORDER

Before the Court is defendant's Motion to Dismiss, filed August 27, 2007.  On September

14, 2007, plaintiff filed her response, and on October 5, 2007, defendant filed his reply.

I.     Background

Plaintiff worked for the Air Force as a GS-854-13, Computer Engineer for the 38th

Engineering Group at Tinker Air Force Base.  Between March 10 and March 31, 2004, plaintiff took

a combination of sick leave and annual leave.  From April 1, 2004 forward, plaintiff did not return

to work.  The parties dispute whether plaintiff's supervisors had approved her continued leave of

absence.  Ultimately, on July 12, 2004, plaintiff was terminated from her position.

Plaintiff initially filed a formal complaint of discrimination concerning her removal.  On June

30, 2006, plaintiff received a Final Agency Decision regarding that discrimination complaint.

Plaintiff then filed a "mixed case" appeal[1] with the Merit Systems Protection Board ("MSPB").  On

March 22, 2007, the MSPB issued its decision, which became final on or about April 26, 2007.

On May 24, 2007, plaintiff filed the instant action against defendant, alleging race and sex

_____

[1]"A mixed case appeal is an appeal filed with the MSPB that alleges that an appealable
agency action was effected, in whole or in part, because of discrimination on the basis of race, color,
religion, sex, national origin, handicap or age."  29 C.F.R. § 1614.302(a)(2).

discrimination in violation of 42 U.S.C. § 2000e, et seq., retaliation in violation of 42 U.S.C. § 2000e, et seq., and discrimination and retaliation in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601-2654.  Defendant now moves to dismiss this action for lack of jurisdiction.

II.    Discussion

"The statutes and implementing regulations that create the mechanism by which federal employees may assert claims of unlawful employment discrimination are complex . . . . Summarized briefly, the process allows a federal employee who asserts claims of unlawful discrimination in conjunction with a challenge to an adverse employment action to either file an EEO complaint with the employing agency or appeal directly to the MSPB.  5 U.S.C. § 7702(a); 20 C.F.R. 1614.302; 5 C.F.R. §§ 1201.151-1201.157."  *Coffman v. Glickman*, 328 F.3d 619, 622 (10th Cir. 2003).  "When a complainant appeals to the MSPB, either directly or after pursuing her claim with the agency EEO office, the matter is assigned to an Administrative Judge who takes evidence and eventually makes findings of fact and conclusions of law."  *Butler v. West*, 164 F.3d 634, 638 (D.C. Cir. 1999). "[W]ithin thirty days of receiving a final decision from the MSPB, [a complainant] can either appeal the discrimination claim to the EEOC, *see* 5 C.F.R. § 1201.157, or appeal the entire claim (or any parts thereof) to the appropriate district court."  *Id.* at 639.[2]  "Review of MSPB determinations in 'mixed' cases lies solely in a district court."  *Coffman*, 328 F.3d at 621-22.

---

[2]"On the discrimination claim, the complainant 'shall have the right to have the facts subject to trial de novo by the reviewing court.'  5 U.S.C. § 7703(c).  The district court reviews nondiscrimination claims on the administrative record, and will set aside the MSPB's determinations only when 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law'; 'obtained without procedures required by law, rule or regulation having been followed'; or 'unsupported by substantial evidence.'  5 U.S.C. § 7703(c)(1)-(3)."  *Butler*, 164 F.3d at 639 n.10.

2

Defendant asserts that plaintiff cannot maintain a private cause of action for violation of the FMLA because there has been no waiver of sovereign immunity.  In her response, plaintiff concedes that there is no private right of action for a federal employee to enforce Title II FMLA but contends that she did not file a private right of action to enforce FMLA but has filed a timely mixed case appeal from the MSPB pursuant to 5 U.S.C. §§ 7702 and 7703.  *See* Plaintiff's Response to Defendant Secretary of the Air Force's Motion to Dismiss at 4.

It is undisputed that plaintiff raised the FMLA issue before the MSPB and that the MSPB addressed this issue in its decision.  Because the instant action is a review of a MSPB determination in a mixed case, and because review of MSPB determinations in mixed cases lies solely in a district court, *see Coffman*, 328 F.3d at 621-22, the Court finds that it has jurisdiction to review the MSPB's decision on the FMLA issue.  In her Complaint, however, plaintiff appears, contrary to her assertion in her response, to be asserting a private cause of action for violation of the FMLA rather than seeking a review of the MSPB's determination of the FMLA issue.  The Court, therefore, will order plaintiff to file an amended complaint which accurately sets forth the claims she is asserting and the review which she is, in fact, seeking.

Defendant also asserts that plaintiff failed to exhaust her administrative remedies regarding her claims of race and gender discrimination.  Specifically, defendant contends that plaintiff failed to present evidence, either direct or indirect, supporting her race or gender discrimination claims.

A federal employee must exhaust her administrative remedies in order to obtain *de novo* review of her unlawful discrimination claims by a district court.  *Coffman*, 328 F.3d at 623.  In order to exhaust her administrative remedies, an employee must plead and present evidence in support of her unlawful discrimination claims but is not required to prevail on such claims.  *Id.* at 625.  Having

carefully reviewed the MSPB's decision, attached as Exhibit 2 to plaintiff's response, the Court finds that plaintiff pled and presented evidence in support of her race and gender discrimination claims and that the administrative law judge determined plaintiff's discrimination claims on the merits rather than based on a failure to present any evidence.  Accordingly, the Court finds that plaintiff has exhausted her administrative remedies with regard to her race and gender discrimination claims and that this Court, therefore, has jurisdiction to hear those claims.

Defendant further asserts that this Court does not have jurisdiction over plaintiff's Title VII retaliation claim.  It is undisputed that plaintiff raised the Title VII retaliation issue before the MSPB and that the MSPB addressed this issue in its decision.  As set forth above, because the instant action is a review of a MSPB determination in a mixed case, and because review of MSPB determinations in mixed cases lies solely in a district court, *see Coffman*, 328 F.3d at 621-22, the Court finds that it has jurisdiction to review the MSPB's decision on the Title VII retaliation issue.  In her Complaint, however, plaintiff appears to be asserting a separate cause of action for Title VII retaliation rather than seeking a review of the MSPB's determination of the retaliation issue, which in her response plaintiff asserts she is really seeking.  The Court, therefore, will order plaintiff to file an amended complaint which accurately sets forth the claims she is asserting and the review which she is, in fact, seeking.

Finally, defendant contends that plaintiff failed to exhaust her administrative remedies regarding her retaliation claim.  Specifically, defendant contends that plaintiff failed to present substantive evidence of retaliation at the evidentiary hearing.  Having carefully reviewed the MSPB's decision, the Court finds that plaintiff presented evidence in support of her retaliation claim and that the administrative law judge determined plaintiff's retaliation claim on the merits rather

4

than based on a failure to present any evidence.  Accordingly, the Court finds that plaintiff has exhausted her administrative remedies with regard to her retaliation claim and that this Court, therefore, has jurisdiction to review the MSPB's decision as to that claim.

III.    Conclusion

    For the reasons set forth above, the Court DENIES defendant's Motion to Dismiss [docket no. 9].  Additionally, for the reasons set forth above, the Court ORDERS plaintiff to file an amended complaint within twenty (20) days of the date of this Order.

    **IT IS SO ORDERED this 18th day of January, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE